# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

Antonio Lamar Nelson, #73831,  )
           ) CIVIL ACTION NO. 9:07-3974-RBH-BM
     Plaintiff,  )
           )
v.           )
           )
           ) **REPORT AND RECOMMENDATION**
Officer C. Marshall, Lead Investigator )
and Officer Melron Kelly,  )
           )
     Defendants.  )
_____)

   The pro se Plaintiff brought this action seeking relief pursuant to Title 28, United States Code, Section 1983.  On August 7, 2008, the Defendants filed a motion to dismiss or to impose sanctions, to compel discovery, for abstention, and to enlarge time.  Defendants' motion stated that Plaintiff had failed to properly participate in discovery, and noted that Plaintiff was, at least in part, refusing to respond because he had pending criminal charges that are related to his claims.

   As Defendants' motion included a request for possible dismissal of this action, a Roseboro order was filed on August 12, 2008, advising Plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.  However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to file any response to the Defendants' motion.[1]  In consideration of Plaintiff's pro

---

   [1]Plaintiff did file a copy of some of his discovery responses with the court.  However, these documents were submitted for mailing prior to the Defendants' motion to dismiss or for other relief having



se status, the court filed a second order on October 9, 2008, advising Plaintiff that, due to his non-response, it appeared to the Court that he was not opposing the motion and wished to abandon this action. Plaintiff was nevertheless provided an additional ten (10) days in which to file a response to the Defendants' motion , but was also specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

This time, Plaintiff did file a response with the Court on October 22, 2008, styled as "Plaintiff's Motion for Summary Judgment on the behalf of the Defendants' Motion to Dismiss or to Impose Sanctions". In this document, Plaintiff recites what he contends are the facts leading up to his claim (false arrest), asks that the Defendants' motion be denied, and states that the "Defendants put my children life's in danger and illegally searched that residence [ ] which I will prove as soon as I get copys of the evidence I have." The undersigned is not sure what to make of this document, as it does not address any of the grounds set forth in the Defendants' motion. Specifically, Plaintiff does not address Defendants' request for sanctions due to his refusal to provide responses to Defendants' Requests to Admit based upon his Fifth Amendment privilege against self incrimination, he has not otherwise responded to the Defendants' Interrogatories and Requests for Production, nor does he address Defendants' request that this action be stayed until Plaintiff's pending criminal charges are resolved.

Defendants argue that they are entitled to dismissal of this case because the discovery at issue is central to Plaintiff's allegation that he was illegally arrested in violation of his

---

been filed, and in any event the Defendants represent to the Court that these responses do not affect the relief requested in the Defendants' motion. See Court Docket Nos. 36, 46.



constitutional rights, the admissions sought by the Defendants cannot be obtained from anyone other than the Plaintiff, and that there is no less drastic remedy, citing to <u>Serafino v. Hasbro, Inc.</u>, 82 F.3d 515 (1st Cir. 1996). <u>See also</u> <u>Wehling v. Columbia Broadcasting System</u>, 608 F.2d 1084, 1086-1087 (5th Cir. 1979) [Finding that sanctions, including possible dismissal, are permissible where assertion of the Fifth Amendment privilege would thwart "discovery of issues at the heart of Plaintiff's lawsuit"]. However, after consideration of the arguments presented in conjunction with the applicable case law, the undersigned finds and concludes that a stay of this case would be the more appropriate remedy for Plaintiff's failure to cooperate in discovery.

In <u>Wallace v. Kato</u>, 127 S. Ct. 1091 (2007), the United States Supreme Court held that where a Plaintiff files a false arrest claim before he has been convicted of a charge, "it is within the power of the District Court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." <u>Kato</u>, 127 S. Ct. at 1098, <u>see also</u> <u>Wehling</u>, 608 F.2d at 1088-1089. Since Plaintiff's criminal charges are currently pending, a stay of this case will allow Plaintiff to pursue his claim in the event he is successful in his defense of the charges. <u>But See</u> <u>Heck v Humphrey</u>, 512 U.S. 477 (1994); <u>Kato</u>, 127 Sup. Ct. 1098,["If the Plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal"].

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that to the extent the Defendants' motion seeks dismissal of this action, that that request be **denied**, and that instead the Court issue a stay of this case pending resolution of Plaintiff's criminal charges.

3



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

October24, 2008

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

